1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5                          EUREKA DIVISION

6

7   PAUL B. MANSOURIAN,
                                            No. C 15-0406 NJV (PR)
8              Plaintiff,
                                            **ORDER OF DISMISSAL WITH**
9       v.                                  **LEAVE TO AMEND**

10  SANTA CLARA COUNTY SHERIFF
    DEPT.,
11
               Defendant.
12  _____/

13
          Plaintiff, a former county jail detainee, has filed a pro se civil rights complaint under
14
    42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.
15
                                  **DISCUSSION**
16
    **A.     Standard of Review**
17
          Federal courts must engage in a preliminary screening of cases in which prisoners
18
    seek redress from a governmental entity or officer or employee of a governmental entity.
19
    28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
20
    dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
21
    be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
22
    1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
23
    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
24
          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
25
    the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
26
    the statement need only '"give the defendant fair notice of what the . . . . claim is and the
27
    grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations
28
    omitted).  Although in order to state a claim a complaint "does not need detailed factual

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11  679 (2009).

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.    Legal Claims**

17      Plaintiff presents many allegations regarding his detention at Santa Clara County Jail

18  involving the denial of medication, improper mental health care, threats from staff, and the

19  confiscation of documents.

20      Deliberate indifference to serious medical needs violates the Eighth Amendment's

21  proscription against cruel and unusual punishment.[1] *Estelle v. Gamble*, 429 U.S. 97, 104

22

23  _____

24  [1]  Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).  The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment.  "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

25

26

27

28

United States District Court

For the Northern District of California

1   (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

2   *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

3   A determination of "deliberate indifference" involves an examination of two elements: the

4   seriousness of the prisoner's medical need and the nature of the defendant's response to

5   that need. *Id.* at 1059.

6       A "serious" medical need exists if the failure to treat a prisoner's condition could

7   result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The

8   existence of an injury that a reasonable doctor or patient would find important and worthy of

9   comment or treatment; the presence of a medical condition that significantly affects an

10  individual's daily activities; or the existence of chronic and substantial pain are examples of

11  indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

12      A prison official is deliberately indifferent if he or she knows that a prisoner faces a

13  substantial risk of serious harm and disregards that risk by failing to take reasonable steps

14  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only

15  "be aware of facts from which the inference could be drawn that a substantial risk of serious

16  harm exists," but he "must also draw the inference." *Id.* If a prison official should have

17  been aware of the risk, but was not, then the official has not violated the Eighth

18  Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,

19  1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison

20  medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*

21  *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

22      Neither the negligent nor intentional deprivation of property states a due process

23  claim under § 1983 if the deprivation was random and unauthorized, however. *See Parratt*

24  *v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby

25  kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986);

26  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).

27  The availability of an adequate state post-deprivation remedy, e.g., a state tort action,

28

3

United States District Court

For the Northern District of California

precludes relief because it provides sufficient procedural due process. *See Zinerman v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff's complaint consists of a lengthy narrative describing his time in detention. Plaintiff describes how guards assaulted and harmed other inmates, however plaintiff cannot obtain monetary relief for actions against others.  Plaintiff also describes how his property was confiscated, he was denied vital medication, guards threatened him, and he was not provided proper mental health care.  Many of these allegations are vague and conclusory and while plaintiff provides additional information regarding the denial of medication he has not identified the specific defendants responsible.

Federal Rule Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]"  *Id.*

It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C

4

**United States District Court**
For the Northern District of California

1  punched him, D failed to pay a debt, and E infringed his copyright, all in different

2  transactions – should be rejected if filed by a prisoner." *Id.* at 607.

3     In this action plaintiff has presented unrelated claims against many unidentified

4  defendants. The complaint will be dismissed with leave to amend. Plaintiff should focus on

5  a few incidents and must identify specific actions of specific defendants and describe how

6  they violated his constitutional rights.

7                                      **CONCLUSION**

8     1. The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

9     2. The complaint is **DISMISSED** with leave to amend in accordance with the

10  standards set forth above. The amended complaint must be filed within **twenty-eight (28)**

11  **days** of the date this order is filed and must include the caption and civil case number used

12  in this order and the words AMENDED COMPLAINT on the first page. Because an

13  amended complaint completely replaces the original complaint, plaintiff must include in it all

14  the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

15  1992). He may not incorporate material from the original complaint by reference. Failure to

16  amend within the designated time will result in the dismissal of this action.

17     3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

18  court informed of any change of address by filing a separate paper with the clerk headed

19  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

20  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

21  Federal Rule of Civil Procedure 41(b).

22     **IT IS SO ORDERED.**

23  Dated: February 23, 2015.

     _____
24                                    NANDOR J. VADAS
                                      United States Magistrate Judge

25

26

27

28

                                            5

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

PAUL B. MANSOURIAN,                                    No. 1:15-CV-0406 NJV

            Plaintiff,

      v.                                               CERTIFICATE OF SERVICE

SANTA CLARA COUNTY SHERIFF
DEPARTMENT,

            Defendant.
_____/

        I, the undersigned, hereby certify that on  February 23, 2015, I SERVED a true and correct

copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s)

listed below, by depositing said envelope in the U.S. Mail.


Paul B. Mansourian
1910 Cooley Ave
Palo Alto, CA 94303


                                              /s/  Linn Van Meter
                                        _____
                                                Linn Van Meter
                                          Administrative Law Clerk to
                                          the Honorable Nandor J. Vadas

6